UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STEVEN BAEZ,

                        Plaintiff,

      v.                                                9:16-CV-0661
                                                             (TJM/DJS)

PRAVIN RANJAN, et al.,

                        Defendants.
_____

APPEARANCES:

STEVEN BAEZ
14-A-1984
Plaintiff, pro se
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

THOMAS J. McAVOY
Senior United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

On December 1, 2014, pro se plaintiff Steven Baez commenced this action in the United States District Court for the Western District of New York ("Western District") by filing a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") and application to proceed in forma pauperis.  Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application").  Presently before the Court is plaintiff's amended complaint.  Dkt. No. 4. ("Am. Compl.").

**II.    PROCEDURAL HISTORY**

The original complaint asserted claims arising out of plaintiff's confinement in the

custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Attica Correctional Facility ("Attica C.F."), Rikers Island Correctional Facility ("Rikers Island"), and Auburn Correctional Facility ("Auburn C.F."). *See* Compl., *generally.* In a Decision and Order filed on June 9, 2015, (the "June 2015 Order"), United States District Judge Elizabeth A. Wolford of the Western District granted plaintiff's IFP application and reviewed the complaint in accordance with 28 U.S. § 1915(e)(2)(B)(ii) and § 1915A(b). Dkt. No. 3. On the basis of that review, the Court found that plaintiff failed to provide sufficient information for the Court to determine if defendants' failure to provide adequate medical care was a constitutional violation. *Id.* at 4. The Court also noted that plaintiff's allegations were based upon events that occurred at Attica C.F. in September 2011. *Id.* at 2-3. Plaintiff was granted leave to amend his complaint and was advised that, "[i]n his amended complaint, Plaintiff will need to overcome the statute of limitations issue regarding events at Attica Correctional Facility, or claims pertaining to events at Attica will be dismissed as untimely." Dkt. No. 3 at 7.

Judge Wolford also discussed the issue of venue and the claims arising from events at Rikers Island, located in the Southern District of New York ("Southern District"), and Auburn C.F., located in the Northern District of New York ("Northern District"). Dkt. No 3 at 7. The Court explained that if plaintiff could not state at timely claim regarding events that occurred at Attica C.F., the case would be transferred to the appropriate judicial district. *Id.* at 8.

On August 13, 2015, plaintiff filed an amended complaint. Dkt. No. 4. In a Decision and Order filed May 24, 2016 (the "May 2016 Order"), Judge Wolford noted that no defendants from Attica C.F. were named in the amended complaint and concluded that

2

plaintiff was not pursuing any claims arising from actions that occurred in the Western District. Dkt. No. 5 at 1-2. Judge Wolford explained:

> In the Amended Complaint, which is now the operative pleading in this case, Plaintiff names as Defendants Doctor Ranjan and others identified as working at Riker's Island, as well as P. Kooi, identified as Health Services Director at Auburn Correctional Facility, where Plaintiff was incarcerated when he filed this action.

Dkt. No 5 at 1.

Thus, the Court transferred the action to the Northern District finding that, "Plaintiff's primary complaint appears to relate to his treatment while incarcerated at Auburn." Dkt. No. 5 at 2.

Since the amended complaint replaces the original complaint in all respects,[1] only the amended complaint will be reviewed.

## III.   INITIAL SCREENING

Plaintiff's IFP application was granted while his action was pending in the Western District.  Because plaintiff seeks relief from an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the amended complaint in light of 28 U.S.C. §§ 1915(e) and 1915A.  Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

---

[1] The amended complaint was filed as of right pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. *See Dluhos v. Floating & Abandoned Vessel*, 162 F.3d 63, 68 (2d Cir. 1998) ("[I]t is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect.") (citing *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)).

monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).[2]

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (noting that Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee).

Additionally, when reviewing the amended complaint, the Court may also look to the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a)(2).  The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank,* 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, C.J.) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state

---

[2]  To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

## IV.   SUMMARY OF THE AMENDED COMPLAINT[3]

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 6:95-CV-0272 (TJM/RWS), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is

---

[3] The amended complaint includes exhibits. To the extent that the exhibits are relevant to the incidents described in the amended complaint, the Court will consider the amended complaint as well as any documents attached as exhibits. *See Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991) (the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

the vehicle by which individuals may seek redress for alleged violations of their constitutional rights." (citation omitted)).  "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted). The Court will construe the allegations in plaintiff's amended complaint with the utmost leniency.  *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

Plaintiff is a prison inmate currently being held at Clinton Correctional Facility ("Clinton C.F.").  The amended complaint sets forth claims of wrongdoing which occurred at Rikers Island and Auburn C.F.  The following facts are set forth as alleged by plaintiff in his amended complaint.

In October 2011, plaintiff received treatment for a knee injury at Rikers Island.  Am. Compl. at 6.  The doctor provided plaintiff with an ice pack and told plaintiff to rest.  *Id.*  A few days later, plaintiff was called for a recheck, received more ice, and told to continue with bed rest.  *Id.*  Plaintiff wrote to defendant Jadow Rao ("Rao"), the Facility Health Services Director, and explained that he was scheduled to be released in January 2012.  *Id.*  Plaintiff was told to rest for the next four months.  *Id.*

On January 20, 2012, plaintiff was released.  Plaintiff's doctor told him that his right knee required surgical repair.  Am. Compl. at 7.  However, before plaintiff could schedule surgery, he was arrested and returned to Rikers Island.  *Id.*  From January 2014 through October 2014, while confined at Rikers Island, plaintiff was treated by defendants/specialists Jonathan August ("August"), Kennedy Gordon ("Gordon"), Georges Marie ("Marie"), and

6

Nnaemzie Umeisor ("Umeisor").  *Id*. at 7, 13-29.  On October 1, 2014, plaintiff received an MRI for his right knee and was scheduled for surgery.  *Id*. at 7.  Defendant Pravin Ranjan ("Ranjan") told plaintiff that the surgery would be performed Upstate because, "all the computers were linked up."  Am. Compl. at 7.  Plaintiff was subsequently transferred.[4]  Am. Compl. at 7.  Plaintiff told the doctors that he was supposed to have surgery but was informed that there was no record of his surgery or MRI report.[5]  *Id*.

On November 24, 2014, while confined at Auburn C.F., plaintiff filed a grievance seeking treatment by a doctor for an old injury.[6]  Am. Compl. at 11.  On December 15, 2014, the Inmate Grievance Review Committee ("IGRC") investigated plaintiff's complaint and found that plaintiff's health concerns should be addressed in a timely fashion.  *Id*. at 10.  On December 26, 2014, the Acting Superintendent[7] issued a decision upholding the IGRC decision.  The Superintendent noted that plaintiff was "recently" seen by a Nurse Practitioner and scheduled for an orthopedic evaluation "in the near future."  *Id*. at 11.  Plaintiff was advised to utilize sick call procedures to address his medical concerns.  *Id*.  On January 23, 2015, Karen Bellamy ("Bellamy"),[8] the Director of Inmate Grievance Program, advised that plaintiff's appeal of the Superintendent's decision was received by the Central Officer Review

---

[4] The amended complaint lacks facts related to where or when plaintiff was transferred.

[5] Plaintiff does not identify the facility or the name of the doctors.  Page seven of the amended complaint ends with an incomplete sentence.

[6] The amended complaint does not contain any facts related to when plaintiff was transferred to Auburn C.F.

[7] The name of the Acting Superintendent is not legible. The Acting Superintendent is not a defendant herein.

[8] Bellamy is not a defendant herein.

7

Committee ("CORC").  Am. Compl. at 12.

## IV. ANALYSIS

### A. Severance and Transfer of Claims Arising in the Southern District of New York

Rule 21 of the Federal Rules of Civil Procedure permits the Court to sever any claim against a party and proceed with that claim separately. Fed. R. Civ. P. 21. In deciding whether to sever a claim, a court should consider the following:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999).

"A claim may be severed based upon lack of a significant relationship between defendants or solely for the purpose of facilitating transfer.  Where the administration of justice would be materially advanced by severance and transfer, a court may properly sever the claims against one or more defendants for the purpose of permitting the transfer of the action against other defendants." *Cain v. New York State Bd. of Elections*, 630 F. Supp. 221, 225-26 (E.D.N.Y. 1986).  "A decision to sever lies within the discretion of the Court." *Id.* at 225.

Here, the claims arising out of alleged wrongdoing at Rikers Island in October 2011 through January 2012 and January 2014 through October 2014, are more appropriately heard in the Southern District.  Those claims are separate and distinct from the claims arising out of alleged wrongdoing that arose while plaintiff was incarcerated at Auburn C.F. and will

8

require different witnesses and documentary proof.  The remainder of the factors also weigh in favor of severance.

Thus, pursuant to Fed. R. Civ. P. 21 and 28 U.S.C. § 1404(a),[9] the claims that arose while plaintiff was incarcerated at Rikers Island, in the Southern District, along with the defendants associated with those claims, are severed from this action and transferred to the Southern District.  Thus, the following defendants, and all claims against them, will be severed and transferred to the Southern District: Pravin Ranjan, Jonathan August, Kennedy Gordon, Georges Marie, Nnaemzie Umeisor, and Jadow Rao.

This District will retain jurisdiction over the claims that arose, if at all, while plaintiff was incarcerated at Auburn C.F. and will therefore review the sufficiency of those claims.  No position is taken on the sufficiency of the claims that have been severed and will be transferred to the Southern District; that determination is left to the Southern District.

## B. Analysis of Claims Arising at Auburn C.F.

P. Kooi ("Kooi), the Facility Heath Services Director, is the only named defendant associated with Auburn C.F.  Am. Compl. at 3.  It is well settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."  *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)).  Thus, "a Section 1983 plaintiff must 'allege a

---

[9] "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all the parties have consented." 28 U.S.C. § 1404(a). Under 28 U.S.C. § 1391(b), "[a] civil action may be brought in--(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

9

tangible connection between the acts of the defendant and the injuries suffered.'" *Austin v. Pappas*, No. 04-CV-7263, 2008 WL 857528, at *2 (S.D.N.Y. Mar. 31, 2008) (quoting *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986)) (other citation omitted).  "[V]icarious liability is not applicable to . . . § 1983 suits." *Iqbal*, 556 U.S. at 676.  If the defendant is a supervisory official, a mere "linkage" to the unlawful conduct through "the prison chain of command" (i.e., under the doctrine of respondeat superior) is insufficient to show his or her personal involvement in that unlawful conduct.  *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501.  In other words, supervisory officials may not be held liable merely because they held a position of authority.  *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).  Prior to *Iqbal*, the Second Circuit held that supervisory personnel may be considered "personally involved" only if they (1) directly participated in the alleged constitutional violation, (2) failed to remedy that violation after learning of it through a report or appeal, (3) created, or allowed to continue, a policy or custom under which the violation occurred, (4) had been grossly negligent in managing subordinates who caused the violation, or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation was occurring.  *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citing *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986)).[10]

---

[10]  The Second Circuit has not yet addressed how the Supreme Court's decision in *Iqbal* affected the standards in *Colon* for establishing supervisory liability. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (noting that Iqbal may have "heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations" but not reaching the impact of *Iqbal* on *Colon* because the complaint "did not adequately plead the Warden's personal involvement even under *Colon*); *see also Hogan v. Fischer*, 738 F.3d 509, 519 n.3 (2d Cir. 2013) (expressing "no view on the extent to which [Iqbal ] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations[.]" (citing *Grullo*n, 720 F.3d at 139)).

Plaintiff names Kooi as a defendant in the caption, however, the complaint lacks any facts related to Kooi. Indeed, Kooi is not referenced anywhere in the body of the complaint. *See Cipriani v. Buffardi*, No. 06–CV–0889 (GTS/DRH), 2007 WL 607341, *1 (N.D.N.Y. Feb.20, 2007) ("Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff") (citation omitted); *see also Casino v. Rohl*, No. 14-CV-2175, 2014 WL 5425501, at *6 (E.D.N.Y. Oct. 23, 2014) (holding that since the defendant is nowhere mentioned or referenced in the body of the amended complaint, the plaintiff did not adequately plead personal involvement in any of the constitutional deprivations). Moreover, plaintiff has not alleged any facts indicating that Kooi, as a supervisor, directly participated in the alleged constitutional violations or that he was aware of any alleged constitutional violations. As plaintiff is proceeding pro se, his pleadings must be treated with a certain degree of liberality. Despite this, in the absence of factual allegations sufficient to plausibly suggest that Kooi was personally involved in conduct that violated plaintiff's constitutional rights, the amended complaint fails to state a cognizable claim against Kooi.

**C.     Opportunity to File a Second Amended Complaint for Auburn C.F. Claims**

In light of plaintiff's pro se status, he will be afforded an opportunity to file a second amended complaint, limited to the claims arising at Auburn C.F. Any second amended complaint submitted in response to this Decision and Order must set forth a short and plain statement of the facts plaintiff relies on in support of his claims that arose during plaintiff's incarceration at Auburn C.F. Moreover, as discussed *supra*, page seven of the amended complaint ends with an incomplete sentence. Plaintiff is advised that any further submission should comport with Rule 10.1(a)(7) which requires consecutive page numbers. Plaintiff is

advised that his failure to file a second amended complaint within thirty (30) days of the filing date of this Decision and Order will result in dismissal of this Northern District action without prejudice without further Order.

## V. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that pursuant to Fed. R. Civ. P. 21 and 28 U.S.C. § 1404(a), the following defendants and all claims against them, are severed and transferred to the Southern District of New York: Pravin Ranjan, Jonathan August, Kennedy Gordon, Georges Marie, Nnaemzie Umeisor, and Jadow Rao; and it is further

**ORDERED**, that no ruling is made as to the sufficiency of the amended complaint with respect to the claims that have been severed and transferred to the Southern District, leaving that determination to the Southern District of New York; and it is further

**ORDERED,** that the Clerk shall advise the Clerk of the Southern District of New York, in writing, of the entry of this Decision and Order and provide the Clerk with a certified copy of this Decision and Order and of the docket report for this action, together with all information necessary for the Clerk of the Southern District of New York to electronically access the documents filed in this action; and it is further

**ORDERED**, that the fourteen (14) day waiting period provided for in Local Rule 83.6 is hereby waived; and it is further

**ORDERED,** that the Clerk shall remove the following defendants from the Northern District of New York docket: Pravin Ranjan, Jonathan August, Kennedy Gordon, Georges

Marie, Nnaemzie Umeisor, and Jadow Rao;[11] and it is further

**ORDERED,** If plaintiff wishes to proceed with the remaining claims retained by the Northern District, he must file a second amended complaint within thirty (30) days of the filing date of this Decision and Order demonstrating that those claims are timely filed. The second amended complaint must be a complete pleading which will replace the previous pleading in all respects and should relate only to the defendant and claims retained by the Northern District of New York; and it is further

**ORDERED**, upon the timely filing of a second amended complaint as directed above, the Clerk shall return the file for further review;[12] and it is further

**ORDERED**, in the event plaintiff fails to file a signed second amended complaint within thirty (30) days of the filing date of this Decision and Order as detailed above, the Clerk shall, without further order, enter judgment indicating that this Northern District action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) due to plaintiff's failure to state a claim upon which relief can be granted and to comply with the terms of this Decision and Order; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules.

---

[11] Claims against these defendants have not been dismissed; they have been transferred to the Southern District for consideration.

[12] If and when plaintiff files a second amended complaint as noted above, the merits of those claims will be reviewed for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). No position is taken on the merits of those claims at this time.

Dated: June 27, 2016,

_____
Thomas J. McAvoy
Senior, U.S. District Judge