UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 2 6 2018

Steven Baez,

                Plaintiff,

      —v—

Pravin Ranjan, et al.,

                Defendants.

16 Civ. 5341 (AJN)

MEMORANDUM OPINION &
ORDER

ALISON J. NATHAN, District Judge:

Pro se Plaintiff Steven Baez filed this civil rights action in the United States District

Court for the Western District of New York asserting claims that medical personnel at Attica

Correctional Facility ("Attica"), Auburn Correctional Facility ("Auburn"), and Rikers Island

were deliberately indifferent to his medical needs that resulted from a knee injury sustained

during his incarceration at Attica. After the case was transferred to the United States District

Court for the Northern District of New York, that court severed Plaintiff's claims arising from

his time at Rikers Island and transferred them to this Court. Now before the Court are two

motions to dismiss Plaintiff's second amended complaint: one filed by Defendants Jonathan

August and Kennedy Gordon, and one filed by Defendants Pravin Ranjan, Georges Marie, and

Nnaemezie Umeasor. For the reasons set forth below, Defendants' motions to dismiss are

granted in full with prejudice.

I.        BACKGROUND

## A. Factual Background

The Court takes the following facts, assumed to be true for purposes of deciding this motion, from Plaintiff's second amended complaint and the additional materials appended thereto. *See Thea v. Kleinhandler*, 807 F.3d 492, 494 (2d Cir. 2015).

In September 2011, Plaintiff sustained an injury to his right knee while playing football at Attica. *See* Compl., Dkt. No. 1, at 4. The medical staff who treated Plaintiff at Attica proved him with an ice pack and advised bed rest, but did not order a diagnostic X-ray. *Id.* On January 20, 2012, Plaintiff was released from Attica. Second Amended Compl., Dkt. No. 18, at 4. Following his release, Plaintiff consulted a private doctor who ordered an X-ray and MRI, diagnosed a torn ligament in the right knee, and recommended surgery. *See id.* On December 29, 2012, prior to undergoing surgery, Plaintiff was again incarcerated, this time at Rikers Island. *Id.*

After arriving at Rikers Island, Plaintiff experienced "severe knee pain" and sought treatment from the medical staff there, including the Defendants.[1] *See* Second Amended Compl. at App'x p. 5. On January 27, 2014, Plaintiff was seen by Defendant Georges Marie, MD, who diagnosed a "sprain cruciate lig knee," prescribed Naproxen for pain, and ordered an X-ray of the knee. *Id.* at App'x p. 5-6. Marie did not refer Plaintiff to a specialist at that time. *See id.* On February 7, 2014, Plaintiff was not produced for his scheduled X-ray. *Id.* at App'x p. 6. On February 27, 2014, two weeks after slipping and reinjuring his right knee, Plaintiff was seen by Defendant Kennedy Gordon, an orthopedic specialist. *Id.* Gordon noted that Plaintiff had previously been scheduled for surgery, but referred him to physical therapy instead. *Id.* On

---

[1] The second amended complaint does not make any reference to treatment by Defendant Pravin Ranjan, MD.

April 17, 2014, Plaintiff, who was experiencing "severe chronic pain," was again seen by Gordon and referred for physical therapy. *Id.*

On May 6, 2014, Plaintiff had a physical therapy appointment with Defendant Jonathan August. *Id.* at App'x p. 6. Plaintiff informed August that he was unable to stand for more than 15 to 20 minutes due to his knee injury, and that he experienced stiffness, swelling, and discomfort. *Id.* at App'x p. 6-7. August "made Plaintiff exercise on a[n] exercise bike." *Id.* at App'x p. 7. Plaintiff was also seen by Defendant Nnaemezie Umeasor, MD, who continued to refer Plaintiff to physical therapy, and did not prescribe surgery or a stronger pain medication. *Id.* Thereafter, Plaintiff was transferred to Auburn, where he alleges the medical staff also declined to order surgery. *Id.* According to the complaint, this treatment by medical staff at Rikers Island, in addition to his transfer to Auburn "without medical records ordering [knee] surgery," caused Plaintiff unnecessary pain and suffering over a period of several years. *Id.* at 5-6.

Based on the foregoing allegations, Plaintiff brings claims for compensatory and punitive damages pursuant to 42 U.S.C. § 1983.

**B. Procedural Background**

Plaintiff filed his original complaint on December 1, 2014, in the Western District of New York, while he was a prisoner at Auburn. Compl., Dkt. No 1. On June 9, 2015, the court directed Plaintiff to file an amended complaint, which he did on August 13, 2015. Dkt Nos. 3, 4. Because none of the claims in the amended complaint arose from actions in the Western District of New York, the case was transferred to the United States District Court for the Northern District of New York. *See* Dkt. No. 5. Judge Thomas J. McAvoy of the Northern District then severed and transferred claims against Defendants Ranjan, August, Gordon, Marie, Umeisor, and

an additional Defendant, Jadow Rao, to the Southern District of New York, where the case was assigned to Judge Colleen McMahon. Dkt. Nos. 7, 9.

On September 16, 2016, Judge McMahon severed claims against Defendant Rao, who works at Attica rather than at Rikers Island, and transferred them back to the Western District. Dkt. No. 10. In the same Order, Judge McMahon noted deficiencies in the Rikers Island claims, over which the court retained jurisdiction, but granted Plaintiff leave to amend his complaint within sixty days. *Id.* Plaintiff failed to do so, and his complaint was accordingly dismissed. Dkt. No. 11. However, on February 1, 2017, Judge McMahon granted Plaintiff's motion for reconsideration and afforded him an additional 30 days in which to file a second amended complaint. Dkt. No. 17. Plaintiff's second amended complaint, the operative complaint in this action, was received on March 2, 2017, Second Amended Compl., Dkt. No. 18, and the case was subsequently reassigned to this Court.

On November 10, 2017, Defendants Marie, Ranjan, and Umeisor filed a motion to dismiss the second amended complaint. Dkt. No. 41. On November 15, 2017, the remaining two Defendants, August and Gordon, filed their motion to dismiss. Dkt. No. 44. In response, Plaintiff mailed a document titled "Plaintiff's Affidavit/Affirmation in opposition to Defendant's Motion" to opposing parties, which the Court will consider as Plaintiff's opposition to the motion. *See* Dkt. No. 62. On May 8, 2018, Defendants August and Gordon filed a reply brief, Dkt. No. 66, and Defendants Marie, Ranjan, and Umeisor filed a letter requesting that the Court consider their earlier correspondence as a reply, Dkt. No. 65.

## II.   LEGAL STANDARD

### A. Motion to Dismiss

In deciding a motion to dismiss pursuant to Rule 12(b)(6), only "the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint" may be considered. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). The Court accepts the allegations in the Complaint as true and draws all reasonable inferences in favor of the non-moving party. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, "the complaint's factual allegations must be enough to raise a right to relief above the speculative level, i.e., enough to make the claim plausible." *Arista Records, LLC, v. Doe 3*, 604 F.3d 110,120 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 555) (citation omitted). "Threadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When a plaintiff is proceeding pro se, the Court holds the pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Boddie v. Schneider*, 105 F.3d 857, 860 (2d Cir. 1997) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)). That is to say, the Court will "liberally construe" the complaint when deciding the motion to dismiss. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017). However, "the duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Kirk v. Heppt*,

532 F. Supp. 2d 586, 590 (S.D.N.Y. 2008) (alteration in original) (citation omitted). If a pro se

plaintiff has not pled sufficient facts to state a claim that is plausible on its face, the Court must

dismiss his complaint. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

## III. DISCUSSION

### A. Deliberate Indifference

Plaintiff alleges that the inadequate medical care he received at Rikers Island constituted

a violation of his constitutional rights. To state a cause of action under § 1983 for inadequate

medical care during incarceration, a plaintiff must allege "[d]eliberate indifference to a

prisoner's serious illness or injury." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chance v.

Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). "The standard of deliberate indifference includes

both subjective and objective components." *Chance*, 143 F.3d at 702. The objective component

requires that "the alleged deprivation . . . be, in objective terms, 'sufficiently serious.'"

*Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (quoting *Wilson v. Seiter*, 501 U.S. 294,

298 (1991)). The subjective component is met by a showing that the defendant officials acted

with a "sufficiently culpable state of mind." *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014)

(quoting *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006)). Thus, to state a claim for

§ 1983 damages resulting from deprivation of medical care, a plaintiff must plead sufficient facts

to suggest both that the medical need was sufficiently serious and that the defendants acted

culpably in failing to adequately address the need.

A medical need is sufficiently serious to satisfy the objective standard when it "could

result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v.

Barkley*, 219 F.3d 132, 136 (2d Cir. 2000). In evaluating objective seriousness, courts look to

"whether a reasonable doctor or patient would find [the condition] important and worthy of

comment, whether the condition significantly affects an individual's daily activities, and whether it causes chronic and substantial pain." *Salahuddin*, 467 F.3d at 280 (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)). If medical treatment is provided but is alleged to be inadequate, the seriousness inquiry focuses on the effects of the alleged inadequacy, rather than solely on the gravity of the underlying medical condition. *Id.* ("For example, if the prisoner is receiving on-going treatment and the offending conduct is an unreasonable delay or interruption in that treatment, the seriousness inquiry focuses on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone." (cleaned up) (citation omitted)).

According to the second amended complaint, the torn ligament in Plaintiff's knee resulted in injury so serious that he was unable to stand for more than 15-20 minutes at a time, thereby affecting his daily activities and resulting in substantial and chronic pain. The Court does not agree with Defendants' argument that knee injuries like Plaintiff's are categorically insufficient to support a deliberate indifference claim. *Cf. Chance*, 143 F.3d at 702-03 (recognizing that dental conditions, "like other medical conditions, may be of varying severity," and holding that a condition resulting in severe pain and the inability to engage in normal activities could be sufficiently serious to meet the deliberate indifference test). However, because Plaintiff does not allege that he was denied medical treatment for his knee injury, the relevant inquiry focuses on the severity of the deprivation—in this case, the delay in surgery for the four-to-five month period that Plaintiff was incarcerated at Rikers Island. By Plaintiff's own admission, he was seen by a variety of medical professionals during this time, including multiple doctors, an orthopedic specialist, and a physical therapist. Plaintiff was also prescribed medicine to treat pain and scheduled for diagnostic tests. Though Plaintiff makes clear that he would have

preferred to undergo a surgical procedure, an inmate's "mere disagreement over the proper treatment does not create a constitutional claim." *Chance*, 143 F.3d at 703.

Even assuming arguendo that the objective prong has been sufficiently pled, Plaintiff has failed to allege sufficient facts regarding the Defendants' states of mind to "raise a right to relief above the speculative level." *Arista Records, LLC*, 604 F.3d at 120. A claim alleging inadvertent or negligent failure to provide adequate medical care is insufficient for liability under § 1983. *See Estelle*, 429 U.S. at 105-06 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Rather, to meet the subjective part of the deliberate indifference test, a plaintiff must show that a defendant knew of and disregarded "an excessive risk to inmate health or safety," a standard akin to criminal recklessness. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Of course, at the motion to dismiss stage, Plaintiff need only make a facially plausible claim that defendants evinced such "conscious disregard" for serious medical needs. *See Chance*, 143 F.3d at 703-04.

The second amended complaint asserts that Defendants Marie, Gordon, August, and Umeasor were "deliberate[ly] indifferent" by failing to send Plaintiff to a specialist, scheduling Plaintiff for physical therapy, making Plaintiff exercise on a bike, failing to prescribe a stronger pain medication, and "intentionally not recommending that Plaintiff have surgery." Second Amended Compl. at App'x p. 6-7. However, these assertions of deliberate indifference and intentionality are conclusory, and therefore unentitled to a presumption of truth. *Iqbal*, 556 U.S. at 678. Apart from these statements, the second amended complaint contains no allegations suggesting that Defendants acted with a culpable state of mind. In contrast, other § 1983 deliberate indifference cases that survived a motion to dismiss contain at least an allegation of culpable intent. *See, e.g., Chance*, 143 F.3d at 704 (allegation that doctors recommended a

specific course of medical treatment because of monetary incentive); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (allegation that doctor was improperly influenced by officers instructing her not to treat the plaintiff as punishment for plaintiff's actions). Therefore, Plaintiff has failed to state a claim for which relief can be granted, and his § 1983 claims must be dismissed.

## B. Leave to Replead

"Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Nielsen*, 746 F.3d at 62 (quoting *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000)). However, leave to amend may be denied "when amendment would be futile." *Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 (2d Cir.2006). Here, Plaintiff has twice had the opportunity to amend his complaint. Moreover, Judge McMahon's September 16, 2016 Order to Amend highlighted the deficiencies that persist in the second amended complaint, and gave Plaintiff specific guidance to correct them. *See* Dkt. No. 10. As a result, the Court concludes that further amendments would be futile. The claims are therefore dismissed with prejudice.

## IV.  CONCLUSION

For the foregoing reasons, the motions to dismiss Plaintiff's second amended complaint as to all Defendants are granted in full with prejudice. The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *Coppedge*

*v. United States*, 369 U.S. 438, 445 (1962). This resolves Docket Nos. 41 and 44.  The Clerk of the Court is respectfully directed to terminate the case.

Chambers will mail a copy of this order to the pro se litigant and note its mailing on the public docket.


SO ORDERED.

Dated: September 28, 2018
       New York, New York

ALISON J. NATHAN
United States District Judge